# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **WILLIAM DAVIDSON HAMBY, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:12-cv-01303 |
| ) | |
| **TORY JOHNSON, District Attorney General,** ) | Judge Trauger |
| **and ALL UNKNOWN ASSISTANT DISTRICT** ) | |
| **ATTORNEYS, AND UNKNOWN COURT CLERKS,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION

Plaintiff William Davidson Hamby, Jr. is a state pretrial detainee who is presently incarcerated at the Davidson County Sheriff's Office – Criminal Justice Center. His present complaint, filed under 42 U.S.C. § 1983, names as defendants District Attorney General Tory Johnson and "All Unknown Assistant District Attorneys" and "Unknown Court Clerks" (presumably those employed in the criminal court for Metropolitan Nashville and Davidson County), and alleges violations of the plaintiff's constitutional rights. The complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I.     FACTUAL ALLEGATIONS

In his complaint, the plaintiff asserts that the district attorney general, Tory Johnson "abuses public office to remain in a position of public trust." (ECF No. 1, at 3.) The plaintiff claims that, since his arraignment, he has been "denied multiple due process, civil, and legal, and constitutional rights," insofar as he was not provided a copy of his indictment on the day of his arraignment, nor given discovery or "true bill papers" within fourteen days after his arraignment, all as allegedly required by state law. The plaintiff also asserts that he is being "kidnapped" by the state court because he is being held without due process, that motions filed by himself and his attorney are ignored by the criminal court, and that his court dates have been postponed repeatedly without his or his attorney's consent. The plaintiff also alleges that these abuses are perpetrated by the criminal court only against people of color (non-whites). The plaintiff further complains that he was

subject to excessive bail simply because he refused to accept a "deal" on his misdemeanor charge, and has been denied the right to a speedy trial. The plaintiff seeks compensatory damages and injunctive relief.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a civil complaint or any portion of a complaint filed *in forma pauperis* that (1) fails to state a claim for which relief can be granted, or (2) is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.    LAW AND ANALYSIS

Tory Johnson as District Attorney General, and the Assistant District Attorneys General under his supervision, are entitled to absolute prosecutorial immunity from suit under 42 U.S.C. § 1983 for all actions taken in their capacity as officers of the court. *Van de Kamp v. Goldstein*, 555 U.S. 335, 860–61 (2009) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). The Supreme Court has applied such immunity when a prosecutor

prepares to initiate a judicial proceeding, when he appears in court to present evidence in support of a search warrant application, and where a prosecutor is engaged in certain administrative activities. *Id.* at 343 (citations omitted). Absolute immunity does not apply when a prosecutor does not act in a prosecutorial capacity, such as when she gives advice to police during a criminal investigation, makes statements to the press, or acts as a complaining witness in support of a warrant application. *Id.* (citations omitted).

The complaint in the present case is devoid of concrete factual allegations suggesting that the prosecutors who are engaged in the criminal proceedings against the plaintiff took any particular action that violated the plaintiff's constitutional rights. On that basis, the court finds that the complaint fails to state a claim for which relief may be granted. Moreover, the complaint clearly does not allege facts suggesting that the prosecutors acted outside the scope of their prosecutorial functions. The court therefore concludes that defendant Tory Johnson and the unnamed assistant district attorneys general are all entitled to absolute prosecutorial immunity from the plaintiff's claims.

Likewise, the plaintiff does not specify any action taken by the criminal court clerks that would subject them to individual liability under § 1983. The claims against the "unknown court clerks" are therefore subject to dismissal for failure to state a claim for which relief may be granted. Further, absolute judicial immunity extends to non-judicial officers, such as court clerks, who perform "quasi-judicial" duties. *Id.* (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). Quasi-judicial immunity extends to "those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* (quoting *Bush*, 38 F.3d at 847). Because the plaintiff complains about actions that could only have been taken by the court clerks (if at all) in their capacity as an arm of the judge for whom they work, these defendants are entitled to immunity as well.

And finally, the Eleventh Amendment protects state officials sued in their official capacity, as these suits are deemed an action against the State. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). To the extent the defendants in this case are officers of the State, they are each entitled to Eleventh Amendment immunity for claims brought against them in their official capacities.

For all these reasons, the court finds that the complaint fails to state a claim for which relief may be granted. The complaint will therefore be dismissed in its entirety.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge