IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **WILLIAM DAVIDSON HAMBY, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-01303 |
| ) | |
| **TORY JOHNSON, District Attorney General,** ) | Judge Trauger |
| **and ALL UNKNOWN ASSISTANT DISTRICT** ) | |
| **ATTORNEYS, AND UNKNOWN COURT CLERKS,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff William Davidson Hamby, Jr. is a state pretrial detainee who is presently incarcerated at the Davidson County Sheriff's Office – Criminal Justice Center. He has filed a complaint under 42 U.S.C. § 1983 naming as defendants District Attorney General Tory Johnson and "All Unknown Assistant District Attorneys" and "Unknown Court Clerks" (presumably those employed in the criminal court for Metropolitan Nashville and Davidson County), and alleging violations of his constitutional rights. The complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). Also pending is the plaintiff's Application to Proceed in Forma Pauperis (ECF No. 2).

**A.    Application to Proceed as a Pauper**

Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Davidson County Sheriff's Office – Criminal Justice Center to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. Upon the plaintiff's transfer from his present place of confinement, the custodian of his inmate trust fund account must ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance herewith. All payments made pursuant to this order must be sent to the Clerk of Court for the Middle District of Tennessee.

**B.     Initial Review of the Complaint**

For the reasons set forth in the Memorandum Opinion filed herewith, the court finds that the defendants are immune from suit under 42 U.S.C. § 1983 and that, even if that were not the case, the allegations in the complaint are insufficiently specific to state a colorable claim under § 1983. The complaint is therefore **DISMISSED** for failure to state a claim for which relief may be granted.

All other pending motions (ECF Nos. 3–7) are **DENIED AS MOOT**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge